**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

JOSEPH J. ADAMS,                          :        Civil No. 3:24-cv-1535
                                          :
        Plaintiff                    :        (Judge Mariani)
                                          :
        v.                            :
                                          :
OFFICER GIST, *et al.*,                   :
                                          :
        Defendants                   :

## MEMORANDUM

## I.    Background

On September 10, 2024, Plaintiff Joseph Adams ("Adams"), an inmate housed, at all relevant times, at the State Correctional Institution, Mahanoy, Pennsylvania ("SCI-Mahanoy"), initiated this civil rights action pursuant to 42 U.S.C. § 1983, setting forth an Eighth Amendment excessive force claim. (Doc. 1). Named as Defendants are Officer Gist and two John Doe individuals. (*Id.* at 2-3).

On November 1, 2024, Defendant Gist filed his answer and affirmative defenses. (Doc. 13). On November 19, 2024, the Court entered a Case Management Order requiring that discovery close by February 19, 2025, and that dispositive motions be filed by March 20, 2025. (Doc. 14).

On March 20, 2025, Defendant Gist filed a motion for summary judgment and supporting brief. (Docs. 28-30).

On July 14, 2025, Adams filed a motion for leave to file an amended complaint to add 19 new Defendants. (Doc. 36). Upon review, the Court denied Adams' motion to amend and concluded that Adams "failed to provide any specific factual allegations to support a claim against the 19 newly named Defendants. Simply inserting the names of these 19 Defendants into the one-paragraph statement of facts is insufficient to establish each Defendants' personal involvement. The complaint does not provide any specific factual averments explaining how Plaintiff's constitutional rights were violated by each individual Defendant." (Doc. 41, at 3). The Court also granted Adams leave to amend. (*Id.*; *see also* Doc. 50).

Subsequently, on January 20, 2026, the Court issued a Memorandum and Order granting Defendant Gist's motion for summary judgment. (Docs. 54, 55).

Then, on February 3, 2026, Adams filed a proposed amended complaint, asserting Eighth Amendment excessive force claims against Officer Gist and two new Defendants— Lieutenant Gee and Sergeant Alexy. (Doc. 56). Adams' motion for leave to amend and proposed amended complaint are presently before the Court. For the reasons that follow, the Court will deny the motion for leave to amend.

## II.    Legal Standard

Federal Rule of Civil Procedure 15(a) governs a request for amendment and provides, in part, that after amending a complaint once as a matter of right, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The

court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). As the Supreme Court has stated, "the grant or denial of an opportunity to amend is within the discretion of the District Court...outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion, it is merely an abuse of discretion and inconsistent with the spirit of the Federal Rules." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Grounds potentially justifying denial of leave to amend are "undue delay, bad faith, dilatory motive, prejudice, and futility." *Id.*; *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). "Futility" means that the complaint, as amended, would fail to state a claim upon which relief can be granted. *In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1332 (3d Cir. 2002); *In re Burlington*, 114 F.3d at 1434. In assessing "futility," a district court applies the same standard of legal sufficiency as applies under Federal Rule of Civil Procedure 12(b)(6). *See In re Burlington*, 114 F.3d at 1434. Accordingly, in assessing the potential futility of a proposed amended complaint, the Court must accept as true the allegations in the proposed amended complaint and construe those allegations in the light most favorable to the party seeking leave to amend. *See In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010).

The issue of "prejudice" focuses on hardship to the defendant if the amendment were permitted, specifically, whether amendment "would result in additional discovery, cost, and preparation to defend against new facts or new theories." *Cureton v. Nat'l Collegiate*

*Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001). With regard to "undue delay," the Third

Circuit has held that the mere passage of time does not require that a motion to amend a

pleading be denied; "however, at some point, the [movant's] delay will become 'undue,'

placing an unwarranted burden on the court, or will become 'prejudicial,' placing an unfair

burden on the opposing party." *Adams v. Gould, Inc.*, 739 F.2d 858, 868 (3d Cir. 1984). In

assessing the issue of "undue" delay, the Court's focus is on the movant's motives for not

amending sooner. *See id.*

## III.    **Discussion**

### A.    Local Rules of Court 7.5 and 15.1(a)

Pursuant to Local Rule 7.5, within 14 days after the filing of any motion, the party

filing the motion shall file a brief in support of that motion. LOCAL RULE OF COURT 7.5. If a

supporting brief is not filed within the time provided in Rule 7.5, the motion shall be deemed

withdrawn. The only motions where a brief shall not be required are for appointment of

counsel, a motion which has the concurrence of all parties, and a motion seeking an

enlargement of time. Because Adams failed to file a brief in support of his request to file an

amended complaint, his motion could be deemed by the Court to be withdrawn.

In addition, Local Rule 15.1(a) requires that a motion for leave to file an amended

complaint must be accompanied by a copy of the complete proposed amended complaint,

including any exhibits. LOCAL RULE OF COURT 15.1(a). Adams did not file a proposed

amended complaint with his motion; instead, he submitted his proposed amended complaint one month after he filed his motion to amend.

Even though Adams failed to comply with the Local Rules, the Court is aware of the liberal pleading standard and that a plaintiff should generally be granted leave to amend before dismissing a claim that is merely deficient. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). The Court, therefore, will consider Adams' motion for leave to amend his complaint.

B.    Adams' Motion for Leave to Amend

Adams' proposed amended complaint concerns the same events as the original complaint but seeks to resurrect and relitigate the claims against Defendant Gist and to add two new Defendants. (*See* Docs. 1, 56). More than a year passed between the time when Adams filed this lawsuit on September 10, 2024 and when he moved to amend on January 9, 2026 and filed his proposed amended complaint on February 3, 2026. Adams did not file his motion to amend and proposed amended complaint until after a dispositive motion was filed and after the Court granted Defendant Gist's motion for summary judgment, respectively. He provides no justification for the delay in bringing his motion.

First, granting the motion to amend would be futile because the claims against Defendant Gist fail for the same reasons articulated in the Court's Memorandum and Order granting Gist's motion for summary judgment. (*See* Docs. 54, 55). In reviewing Adams' excessive force claim, the Court explicitly found that the objective video evidence illustrated

5

that "[t]he force applied in this case was to gain compliance over an inmate that was fighting with another inmate and resisting officers." (Doc. 54, at 24).

Second, Adams has unduly delayed his request for leave to file an amended complaint until after the filing of a dispositive motion in this matter.

Third, Adams has failed to diligently determine the names of the John Doe individuals. Rule 4(m) sets forth the following time frame a plaintiff has to serve a defendant with the summons and copy of the complaint:

> If a defendant is not served within 90 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m). The Court must engage in a two-step process in determining whether to dismiss unidentified, non-served defendants or grant the plaintiff additional time to effect service. "First, the district court should determine whether good cause exists for an extension of time. If good cause is present, the district court must extend time for service and the inquiry is ended. If, however, good cause does not exist, the court may in its discretion decide whether to dismiss the case without prejudice or extend time for service." *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995). Good cause requires good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance with the time specified in the rules. *MCI Telecomm. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir. 1995). In determining whether good cause

6

exists, a court's "primary focus is on the plaintiff's reasons for not complying with the time limit in the first place." *Id.* Although prejudice is a factor to be considered, the absence of prejudice to the opposing party alone does not constitute good cause to excuse late service. *Id.*

Here, Adams failed to establish good cause. On September 11, 2024, November 20, 2024, and June 23, 2025, the Court notified Adams that the action against the John Doe individuals was subject to dismissal, directed him to properly identify these individuals, and granted him leave to conduct discovery to ascertain the identity of these individuals. (Doc. 6 ¶ 8; Doc. 16; Doc. 34). It was not until after the Court granted Defendant Gist's motion for summary judgment that Adams filed his proposed amended complaint naming the two John Doe individuals. Notably, the proposed amended complaint was filed on February 3, 2026, more than a year after the Court first instructed Adams to properly identify the John Doe individuals. In addition, Defendant Gist represents, and the docket reflects, that Adams obtained discovery in April 2025 that included the investigative report and security videos that provided the names of other correctional staff involved in the incident. (Doc. 57, at 2, 9; *see also* Docs. 29-4, 29-7, 29-8, 29-9). The Court thus finds that Adams failed to establish good cause and has not acted with due diligence in identifying the John Doe individuals. *See, e.g., Padilla v. Twp. of Cherry Hill*, 110 F. App'x 272, 277-78 (3d Cir. 2004) (affirming denial of a motion to amend to substitute real identities for fictitious officer defendants in a section 1983 action based on, in part, the plaintiff's "failure to diligently determine the

officers' names" and because the proposed amendment would prejudice the opposing parties).

Given the advanced stage of this litigation and the likelihood that the passage of time could prejudice Defendants and that amendment would be futile, leave to amend is not warranted. Adams' motion to amend will be denied.

## IV. Conclusion

For the foregoing reasons, the Court will deny the motion to amend. (Doc. 49). A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: May ___, 2026